**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Jere DG Erickson,

Defendant.

Criminal No. 18-245(3) (DWF/HB)

**MEMORANDUM OPINION AND ORDER**

---

Andrew H. Mohring, Office of the Federal Defender, counsel for Defendant.

Allen A Slaughter, Jr., Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court on Defendant Jere DG Erickson ("Erickson") and the United States of America's (the "Government") joint motion for compassionate release pursuant to 18 U.S.C. § 3582(c) in light of the COVID-19 pandemic.[1] (Doc. No. 468 ("Motion").) For the reasons discussed below, the Court grants the Motion.

---

[1] Erickson filed a *pro se* motion for compassionate release on June 4, 2020. (Doc. No. 457.) He was appointed counsel on July 1, 2020. (*See* Doc. Nos. 465, 466.) The parties filed their joint request on July 6, 2020. (Motion.) This Order incorporates Erickson's *pro se* motion into the parties' Motion.

## BACKGROUND

On January 9, 2019, Erickson pled guilty to one count conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Doc. Nos. 99, 104.) On November 26, 2019, this Court sentenced him to 42 months' imprisonment followed by a three-year term of supervised release.[2] (Doc. Nos. 377, 380 ("Sentencing Judgment").) Erickson is now incarcerated at Duluth FPC in Minnesota. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 6, 2020). According to the Bureau of Prisons ("BOP"), Erickson's release date is December 28, 2021. *Id*.

Erickson suffers from a number of serious medical conditions including heart failure, diabetes, sleep apnea, and a body mass index over 50 that elevate his risk of serious complications if he contracts COVID-19.[3] (Doc. No. 459 ("Medical Records").) The parties agree that in light of the COVID-19 pandemic, Erickson's medical conditions present extraordinary and compelling reasons for a reduction in sentence. Accordingly, they seek an order reducing Erickson's sentence to the time he has time served, pursuant to the release plan that has been approved by the United States Probation Office (Doc.

---

[2] The Court ordered that Erickson's supervised released was subject to a number of conditions. (*See* Sentencing Judgment at 3-5.)

[3] *See* CDC, People of Any Age with Underlying Medical Conditions *revised* June 25, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed July 6, 2020.)

No. 463), and subject to the conditions set forth in the Sentencing Judgment. (Motion at 1-2; *see also* Sentencing Judgment.)

**DISCUSSION**

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that: (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[4] USSG § 1B1.13 ("Statement"). The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to

[4] While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[5] *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[6] *Id.*

The Court finds that the Motion is properly before the Court. (Doc. No. 457-3.) Moreover, in light of the COVID-19 pandemic, and having reviewed and considered the Motion and supporting documentation, including Erickson's Medical Records, the Court finds that Erickson's medical conditions are sufficiently extraordinary and compelling to warrant compassionate release. Furthermore, the Court finds that a combination of conditions will reasonably ensure the safety of the community, and that a reduction of

---

5 The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia. (Statement.)

6 While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

sentence is consistent with the Statement.[7] Accordingly, the Court grants the parties' joint Motion and reduces Erickson's previously imposed sentence of imprisonment to the time he has served as of the entry of this Order, subject to the conditions set forth in the Sentencing Judgment and pursuant to the release plan approved by United States Probation Office. (*See* Sentencing Judgment; *see also* Doc. No 463.) To ensure Erickson's health and safety upon release, including any potential quarantine, the Court authorizes the Board of Prisons to follow its own internal procedures to coordinate Erickson's release provided that he is released within fifteen (15) days of this Order.

The Court commends Erickson for his exemplary prison record, and strongly encourages him to remain law-abiding upon release. It is important for the Court to state to Erickson with a very positive tone that it is important that he attend weekly 12-step meetings and have a sponsor, as well as to remain straight and sober. This will allow Erickson to live the life he wants to live; moreover, remaining a law-abiding citizen is in his best interest and in the interest of the individuals around him. Erickson mentioned to this Court at the time of sentencing that he had a friend who speaks to youth groups about the realities of substance abuse as part of his friend's post-treatment plan and that he was interested in doing the same. The Court hopes that Erickson follows through with this, and in doing so, that his story will set an example for others. The Court extends its best wishes and good luck to Jere DG Erickson.

---

[7] The record reflect that Erickson has an exemplary prison record, has participated in rehabilitative programming, and that he has a release plan. (*See* Doc. Nos. 457-2, 463.)

## CONCLUSION

For the reasons set forth above, and subject to strict conditions, the Court finds that extraordinary and compelling reasons warrant Erickson's release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jere DG Erickson's Motion for Release (Doc. Nos. [457], [468]) is **GRANTED** as set forth below:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court reduces Erickson's term of imprisonment to the time he has served as of the entry of this Order;

2. The Defendant shall be released from the custody of the Federal Bureau of Prisons as soon as his release plan is implemented, travel arrangements can be made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed;

   (a) The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether quarantine is necessary and whether any quarantine is served in Bureau of Prisons custody or in the community;

   (b) Notwithstanding, Erickson shall be released within fifteen (15 days) from the date this Order is issued;

3. Once released from custody, Erickson shall be placed on supervised release subject to the terms and conditions of supervised release set forth in the December 4, 2019 Sentencing Judgment (Doc. No. [380]).

Date: July 7, 2020

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge